# IN THE COURT OF APPEALS OF IOWA

No. 21-0558
Filed July 21, 2021

**IN THE INTEREST OF S.J. and E.S.,**
**Minor Children,**

**T.N., Mother,**
     Appellant.
_____

Appeal from the Iowa District Court for Harrison County, Jennifer Bahr, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Abby L. Davison of Office of the State Public Defender, Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Toby J. Gordon, Assistant Attorney General, for appellee State.

Justin Wyatt of Woods, Wyatt & Tucker PLLC, Glenwood, attorney for S.J.

Amanda Heims, Council Bluffs, attorney for E.S. and guardian ad litem for minor children.

Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**BOWER, Chief Judge.**

A mother appeals the termination of her parental rights, asserting the State has failed to prove grounds for termination exist and did not make reasonable efforts to reunify the family, termination is not in the children's best interests, and a permissive exception exists to avoid termination.[1] We affirm.

The juvenile court entered a thorough and detailed thirty-three-page ruling providing an extensive history of this family's involvement with juvenile court and the department of human services (DHS). In brief, T.N. is the mother of E.S., born in 2013, and S.J., born in 2008. This family was previously involved with DHS and child-in-need-of-assistance (CINA) proceedings from October 2015 to November 2018. Concerns in that prior case included the mother's criminal charges, substance abuse, and mental-health issues. The children were returned to the mother's custody in February 2018 after the mother "demonstrated behaviors reflecting sobriety including ongoing participation in outpatient substance-abuse treatment" and negative drug screens. Unfortunately, the mother tested positive for methamphetamine in June and failed to comply with the terms of a safety plan. The children were removed from her care, and the family continued to receive services via DHS. The mother was able to maintain her sobriety and stability for about three months, the children were returned to her care, and on November 14, 2018, the CINA proceedings were closed.

The family again came to the juvenile court's attention in January 2019 when the mother was stopped for driving while barred; the children were in the

---

[1] S.J.'s father's motion to reinstate his appeal following dismissal for the untimely filing of his petition on appeal was denied by order of our supreme court.

vehicle with her; and the officers found methamphetamine, marijuana, and drug paraphernalia. The mother was arrested, and the children were removed by temporary removal order. A child-abuse assessment followed and was founded against the mother for dangerous substances. The children were adjudicated CINA again in February, and a dispositional order in March ordered the children remain out of the mother's custody. Over the next several months, the mother continued to have legal issues, displayed aggressive behaviors, entered and was discharged unsuccessfully from substance-abuse treatment, and was not taking needed prescription mental-health medication because she was without insurance.

A permanency hearing was held in January 2020, and the children remained in foster care. The court allowed extra time for reunification but added a concurrent permanency goal of termination of parental rights and adoption. In February, the mother completed a psychosocial assessment; was diagnosed with cannabis, alcohol, and methamphetamine use disorder; and was recommended to attend inpatient substance-abuse treatment.

After a September 23 permanency review hearing, the court noted the mother continued to display the same negative and dangerous behavior patterns that originally brought the family to the court's attention. The permanency goal was changed to termination of parental rights.

On December 23, 2020, the mother was admitted to the hospital following a drug overdose. She was intubated and sedated. Amphetamines, THC, and opiates were present in her system upon admission to the hospital. She recovered and was released from the hospital.

On January 26, 2021, a termination of parental rights petition was filed. Hearing was scheduled for March 19.

On March 16, the mother entered inpatient substance-abuse treatment. She participated in the March 19 termination hearing via videoconferencing and asked that the hearing be continued. The motion was denied. When the mother was called to testify, the court was informed she had left the facility.

On April 13, the juvenile court found clear and convincing evidence for termination of the mother's parental rights pursuant to Iowa Code section 232.116(1)(e) and (f) (2021),[2] determined reasonable efforts toward reunification had been made, the children were in need of permanency, and concluded:

> Although the children may have a bond with their mother, she remains unable to meet their needs. At the time of the termination hearing, [the mother] could not offer the children a suitable

---

[2] Pursuant to section 232.116(1), the juvenile court may terminate parental rights if:

> (e) The court finds that all of the following have occurred:
> (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (2) The child has been removed from the physical custody of the child's parents for a period of at least six consecutive months.
> (3) There is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so. . . .
> (f) The court finds that all of the following have occurred:
> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

permanent home, and their safety could not be assured due to her unresolved mental health and substance abuse issues. [The mother] also has not moved past one fully supervised visit per week with the children. [The children] are not so bonded to their mother that the detriment of termination will outweigh the benefit they will gain from having permanency and stability.

The mother appeals.

We review termination-of-parental-rights proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).

*Grounds for termination exist.* We will focus on section 232.116(1)(f). The mother concedes the first three elements are proved but asserts there is insufficient evidence the children could not be returned to her care at the present time. "At the present time" means at the time of the termination hearing. *See In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018) (equating "at the present time" for purposes of section 232.116(1) with "at the time of the termination hearing"). The fact the mother had recently overdosed and entered inpatient treatment three days before the termination hearing belies the mother's claim. There is clear and convincing evidence to support termination under 232.116(1)(f).

*The State made reasonable efforts to reunify the family.* The State must demonstrate reasonable efforts as part of its ultimate proof the children cannot be safely returned to the care of their parents. *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). In considering the sufficiency of evidence to support termination, "our focus is on the services provided by the state and the response by [the mother], not on

services [the mother] now claims the DHS failed to provide." *Id.* at 494. As detailed by the juvenile court, "Over the past twenty-six months, [the parents] have been offered countless services focused on improving their parenting skills, facilitating healthy relationships with their children, obtaining and maintaining sobriety, stabilizing their mental health, and obtaining appropriate housing." The court noted,

> For example, reasonable accommodations were made for in-home drug testing. Despite this accommodation, this court is no closer to determining if [the mother] is sober due to her failure to provide the [DHS] with an address where she was staying on a week-to-week basis. In addition, [Family Safety, Risk, and Permanency services] has provided [the mother] with transportation to and from visits, drug screens, her father's home, and to the grocery store. They have also provided the children with transportation to visits with both parents.

On our de novo review, we find the State did make reasonable reunification efforts.

*Best interests of children is in termination of parental rights.* Next we are required to consider what custody placement will best provide "the child[ren]'s safety," "further[ ] the long-term nurturing and growth of the child[ren]," and their "physical, mental, and emotional condition and needs." *See* Iowa Code § 232.116(2); *A.M.*, 843 N.W.2d at 112 ("Even after we have determined that statutory grounds for termination exist, we must still determine whether termination is in the children's best interests." (citation omitted)). We agree with the juvenile court termination of the mother's parental rights and adoption will give the children a chance at stability and permanency they have been denied in their mother's care.

*No permissive factor precludes termination.* The mother seeks to avoid termination under section 232.116(3)(b) (child over ten years of age objects to termination) and (c) (closeness of parent-child bond). The mother has failed in her

burden to show clear and convincing evidence either permissive exception precludes termination. *A.S.*, 906 N.W.2d at 476 (noting "once the State has proven a ground for termination, the parent resisting termination bears the burden to establish an exception to termination"). We therefore affirm.

**AFFIRMED.**